## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRISTINE PETREY

          Plaintiff,

      v.

TICKETMASTER and DOES 1-10

          Defendants.

Case No.:    08 CV 2490

Judge Gettleman
Magistrate Judge Cole

### TICKETMASTER'S MOTION FOR A MORE DEFINITE STATEMENT

Defendant Ticketmaster respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(e), to compel Plaintiff to file a more definite statement to permit Ticketmaster to frame a proper responsive pleading that will advance the resolution of this case. In further support of its Motion, Ticketmaster states as follows:

1)    Ticketmaster sells tickets to the public through the telephone, the internet, and in-person at Ticketmaster's outlets and kiosks. Ticketmaster has distinct methods of selling and delivering tickets depending on whether the consumer purchases tickets via the telephone, the internet, or at an outlet. Customers receive or can print different documents depending on the method used to purchase tickets. (Declaration of Brian Pike, attached as Exhibit A, at ¶¶ 4-11.)

2)    In her 78 paragraph, 15 page "Class Action Complaint," Christine Petrey makes only a single, vague factual allegation with respect to the purported transaction at issue. *In toto*, she alleges: "On March 28, 2008, nearly fifteen months after FACTA's final truncation requirement went into effect, Plaintiff received from the Defendant a computer-generated receipt displaying Plaintiff's credit card expiration date." (Class Action Complaint, ¶ 22.) Plaintiff does not allege where she made her purchase, or whether the alleged "receipt" was "provided" to her

in a Ticketmaster outlet, mailed to her after the ordered the tickets via telephone or internet, or printed by Plaintiff herself at her home computer. Plaintiff does not even attach a redacted copy of her "receipt" to the Complaint. Indeed, Plaintiff does not even allege that she actually completed a purchase.

       3)      The Federal Rules of Civil Procedure require a Plaintiff to set forth a "short and plain statement of the claim that will give the defendant fair notice of the claim" and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a). However, sufficient notice is not provided where the pleading is so "vague or ambiguous that a party cannot reasonably be required to frame a respons[e]," and in such a case a court may grant relief pursuant to Federal Rule of Civil Procedure 12(e) by requiring the plaintiff to provide a more definite statement of his claims. Fed. R. Civ. P. 12(e); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). In this case, a fair reading of the Class Action Complaint fails to put Ticketmaster on notice as to what purported claims Plaintiff is making against Ticketmaster, and what purported conduct by Ticketmaster gives rise to these claims. *See, e.g., Tarabolski v. Town of Sharon*, Civ. A. No. 94-10045-Z, 1995 WL 169120, *1 (D. Mass., Mar. 16, 1995) (where the complaint does "not in any way assist in understanding the claims asserted" the plaintiff should be required to provide a more definite statement or the complaint may be dismissed with prejudice).

       4)      While the form Complaint[1] is long on detail as to statutory history, industry practice, and media reports completely unrelated to Plaintiff and Ticketmaster, it is devoid of any detail as to what Ticketmaster allegedly did to violate FACTA in this case. Such vague pleading is not enough to pass muster in Federal Court. *See Acciavatti v. Prof'l Serv. Group, Inc.*, 982 F.

---

[1] Plaintiffs' lawyers have been filing hundreds of identical lawsuits throughout the country under FACTA using form complaints and simply changing the allegations regarding the particular corporate defendants.

Supp. 69, 78 (D. Mass. 1997) (a motion for a more definite statement is properly granted when the complaint is so vague that the defendant cannot be expected to frame a proper answer "even though the complaint evidences all necessary elements of the claim").

     5)    Without a copy of the receipt attached to the Complaint and an allegation regarding whether Plaintiff purchased tickets via the internet, the telephone, or in person at an outlet, Ticketmaster cannot even make a good faith attempt to conduct a reasonable inquiry contemplated by Rule 11. As such, no proper response to the Complaint can be framed, and a more definite statement as to the events at issue is required.

     WHEREFORE, Ticketmaster respectfully requests that this honorable Court grant its Motion For A More Definite Statement.


Respectfully submitted,

TICKETMASTER

By: /s/ James K. Gardner


James K. Gardner (IARDC #913448)
Maria J. Minor (IARDC #6256406)
NEAL, GERBER & EISENBERG
Two N. LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-8000

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE PETREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TICKETMASTER, a Delaware corporation | ) |
| and DOES I-10, | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF BRIAN PIKE IN SUPPORT OF
## TICKETMASTER'S MOTION TO TRANSFER VENUE

I, Brian Pike, declare as follows:

1.      I am over eighteen years of age and am competent to testify.  I make this statement from personal knowledge.

2.      I have been employed by Ticketmaster continuously since 2003.  I am currently Ticketmaster's Chief Technology Officer ("CTO").  In my role as CTO, I am the senior-most person responsible for the planning, development and operations of all aspects of Ticketmaster's computerized ticketing system.  This system is utilized whether a consumer purchases tickets at a retail outlet, or through the internet or telephone.

3.      Ticketmaster's principal place of business and its corporate headquarters are located in West Hollywood, California, part of the greater Los Angeles area.  The majority of Ticketmaster's officers are located in Ticketmaster's offices in West Hollywood.  At all relevant times, I have been based in Ticketmaster's West Hollywood offices.

4.      In the United States, Ticketmaster offers event tickets for sale through a total of 2,106 outlets located in 49 states (all except Wyoming) as well as the District of Columbia.  Only

55 of the 2,106 outlets are located in Illinois (and accept credit cards). California has approximately 148 outlets.

5.    Ticketmaster retail outlets use electronic payment machines that operate software created and maintained by Ticketmaster.

6.    Ticketmaster personnel at the corporate headquarters in California make all final decisions pertaining to the electronic payment machines operating at Ticketmaster's various outlet locations nationwide.

7.    The software operating on Ticketmaster's electronic payment machines is maintained and updated by Ticketmaster employees in Phoenix, Arizona, under the ultimate supervision of Ticketmaster employees in California.

8.    In the United States, Ticketmaster orders placed by telephone or internet are handled by a process and software created, tested and maintained by Ticketmaster employees in California.

9.    Internet and phone customers may elect to have their tickets shipped by mail or delivered electronically. Tickets shipped by mail are printed, processed, packed and mailed from a Ticketmaster location in Charleston, West Virginia. However, the software operating the printing and packing machines was created and maintained by Ticketmaster under the ultimate supervision of Ticketmaster employees in California.

10.    Electronically delivered tickets are not delivered with a receipt. However, consumers may access an electronic record of their ordering history (including manner of payment) through the Ticketmaster website, which was created and developed, and is maintained, in California.

-2-

11.    Telephone and internet consumers may also request to have a receipt or record of their order e-mailed to them. The software that maintains, delivers and displays this electronic data was created and maintained by Ticketmaster under the ultimate supervision of Ticketmaster employees in California.

12.    Ticketmaster has an office and personnel in Chicago, Illinois, but no employee in that office is anticipated to be a witness in this lawsuit. The Chicago office of Ticketmaster is responsible solely for managing venue and talent relationships rather than retail consumer operations.

13.    Ticketmaster does maintain a data server in the Chicago area. As Ticketmaster's operations expand globally, information technology standards require the strategic placement of data servers to prevent system shut down in the event of a widespread power outage. However, other than routine maintenance, no employee in the Chicago office has any responsibility for the programming of Ticketmaster's electronic payment machines or software systems.

14.    Based on my review of the Complaint and the facts currently known to Ticketmaster, to the extent that there exist any documents relevant to this litigation, virtually all of those documents would be located at Ticketmaster's offices in West Hollywood, California, with a small percentage of the documents located in Phoenix, Arizona.

15.    It would be a great inconvenience and disruption to Ticketmaster's business to require the witnesses with knowledge of the facts relevant to this case to have to travel to Illinois. It would be less inconvenient to those witnesses and less disruptive to Ticketmaster's business if trial were conducted in the Los Angeles area.

- 3 -

41273945.1

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration was executed by me on May _8_, 2008 at

_9:41 AM_ .

Brian Pike

41273945.1